UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ESTATE OF GWENDOLYN GREENE,

                Plaintiff,                **ORDER TO SHOW CAUSE**

v.

                                                  10-CV-00726(S)(M)

INLAND WESTERN NEW YORK;
RITE AID OF NEW YORK, INC.; and
RITE AID CORPORATION,

                Defendants.
_____

        28 U.S.C. §1447(c) provides that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded", and this court has "an unflagging duty to raise the issue *sua sponte* whenever jurisdiction appears to be lacking". Juliano v. Citigroup, 626 F. Supp.2d 317, 318-19 (E.D.N.Y. 2009).

        Accordingly, on or before September 16, 2011, the parties shall file written submissions addressing the following issues:

        1.      Does the filing of the Notice of Removal by a non-party (Eckerd Corporation) deprive this court of subject matter jurisdiction? *See*, *e.g.*, Juliano, 626 F. Supp.2d at 319 ("The weight of authority instructs that a district court is without subject matter jurisdiction in a case where that court's removal jurisdiction is invoked by a non-party"); 14C Wright & Miller, Federal Practice & Procedure §3730 (4th ed.) ("Intervenors may file notices of removal if they are properly aligned as defendants, but the intervention must precede the removal"); Village of Oakwood v. State Street Bank and Trust Co., 481 F.3d 364 (6th Cir. 2007); *cf*. American Home Assurance Co. v. RJR Nabisco Holdings Corp., 70 F. Supp.2d 296, 299

(S.D.N.Y. 1999) ("by choosing not to seek remand within the 30 day period in which motions to remand for reasons other than lack of subject matter jurisdiction must be brought, see 28 U.S.C. §1447(c) - [plaintiff] knowingly waived any objection to the fact that removal was noticed by defendants' non-party subsidiary").

        2.      Can the citizenship of the non-diverse defendant can be ignored? *See*, *e.g.*, Tucker v. Health, 2011 WL 1260117, *2 (W.D.N.Y. 2011) (Skretny, J.) ("In order to show that a defendant was fraudulently joined to defeat removal, it is not sufficient to argue that the complaint fails to state a claim against that defendant; rather, the removing party must demonstrate, by clear and convincing evidence . . . that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the . . . defendant in state court"); Pampillonia v. RJR Nabisco Inc., 138 F.3d 459, 461 (2d Cir. 1998); Locicero v. Sanofi-Aventis U.S. Inc., 2009 WL 2016068 (W.D.N.Y. 2009) (Skretny, J./McCarthy, M.J.).

        3.      If jurisdictional defects exist, can they be corrected following removal? *See*, *e.g.*, Brown v. Eli Lilly and Co., __F.3d__, 2011 WL 3625105 (2d Cir. 2011); *cf*. Altissima Ltd. v. One Niagara LLC, 2010 WL 502834 (W.D.N.Y.) (McCarthy, M.J.), adopted as modified, 2010 WL 3504798 (W.D.N.Y. 2010) (Skretny, J.).

Oral argument will be held only if requested by counsel in their submissions.

**SO ORDERED.**

DATED: September 1, 2011

                      /s/ Jeremiah J. McCarthy
                      JEREMIAH J. MCCARTHY
                      United States Magistrate Judge